Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5379 | **DATE** | 3/21/2011 |
| **CASE TITLE** | BLOCH, ET AL vs. EDWARD FRISCHHOLZ, ET AL | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court grants Bloch's Renewed Motion to Vacate and Reinstate [238] Claims.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

   Plaintiff Lynne Bloch ("Bloch") moves to reinstate the state law claims that she alleged in Counts VII and VIII of her Second Amended Complaint. Both Counts are brought pursuant to the Illinois Condominium Property Act, 765 ILCS 605/18.4 ("Condominium Act"). Specifically, Count VII alleges a violation of the Condominium Act and Count VIII alleges a breach of fiduciary duty pursuant to the Condominium Act. For the following reasons, the Court grants Bloch's Renewed Motion to Vacate and Reinstate Claims ("Renewed Motion").

   On September 16, 2005, Bloch filed suit against Edward Frischholz and the Shoreline Towers Condominium Association (together "Defendants") alleging both federal and state claims. Bloch filed a Second Amended Complaint on December 1, 2005. (R. 32.) On August 7, 2006, the district court granted summary judgment for Defendants on Bloch's federal claims. (R. 186, 192.) Having entered judgment in favor of Defendants on the federal claims, the district court declined to exercise supplemental jurisdiction on Bloch's state law claims in Counts VII and VIII. (*Id.*) The district court dismissed Bloch's state law claims without prejudice. (*Id.*) Bloch appealed this decision on September 1, 2006 (R. 194.)

   While her appeal was pending, Bloch filed the state law claims alleged in Counts VII and VIII in state court. The Seventh Circuit affirmed the district court's summary judgment decision on July 10, 2008. *See Bloch v. Frischholz*, 533 F.3d 562 (7th Cir. 2008) ("*Bloch I*"). The Seventh Circuit then granted a rehearing *en banc* on October 30, 2008.

   Bloch's state law claims were dismissed by the state court on December 4, 2008. Bloch's First Amended Complaint in state court was dismissed on March 25, 2009.

The Seventh Circuit reheard the case *en banc* on May 13, 2009 and issued an order on November 13, 2009 affirming in part and reversing in part the district court's decision. The Seventh Circuit remanded the case to the district court and stated that "[b]ecause of the reversal of summary judgment on three of the four federal claims, the state law claims must also be reinstated." *Bloch v. Frischholz*, 587 F.3d 771, 787 (7th Cir. 2009) (*en banc*) ("*Bloch II*").

Meanwhile, Bloch's state court claims continued: she filed a Second Amended Complaint in state court that was dismissed on August 25, 2009; Bloch subsequently filed a Third Amended Complaint in state court.

Bloch filed a Motion to Vacate the Entered Judgment and Reinstate State Claims ("Motion to Reinstate") before the district court on March 15, 2010. (R. 225.) On March 18, 2010 the case was reassigned to this Court. (R. 228.) The Court denied Bloch's Motion to Reinstate without prejudice on May 27, 2010, instructing Bloch that she may reassert her Motion to Reinstate in connection with the parties's Motions for Summary Judgment. (R. 236.) The Court clarified this order on June 10, 2010, allowing Bloch to refile her Motion to Reinstate on the same schedule as the Motions for Summary Judgment that were to be filed in the related case of *Gassman v. Frischholtz*, 05 CV 5379. (R. 237.)

Before the Court clarified its order, Bloch's Third Amended Complaint was stricken by the state court on June 3, 2010. Bloch filed her Fourth Amended Complaint in state court on June 25, 2010. Bloch filed the instant Renewed Motion before this Court on July 16, 2010. (R. 238.) On August 9, 2010, the state court dismissed Bloch's Fourth Amended Complaint with prejudice.

Bloch then filed a Motion to Reconsider the August 9, 2010 order in state court. On February 28, 2011, the state court granted Bloch's Motion to Reconsider and vacated its earlier order dismissing her Fourth Amended Complaint with prejudice.

Defendants now argue that this Court is collaterally estopped from hearing Bloch's state law claims in Counts VII and VIII of her Second Amended Complaint. Collateral estoppel applies and precludes relitigation of an issue if: (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *See Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 356 (7th Cir. 2010) (quotation marks and citation omitted).

Here, because the state court vacated its order, there is no final judgment on the merits of Bloch's state law claims in the prior adjudication in state court. Therefore, in reaching its decision, the Court need not address whether the exhaustion of appellate review is necessary for collateral estoppel to apply. *Compare Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1375 (Ill. 1986) ("For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted.") (citation omitted) *with Ill. Founders Ins. Co. v. Guidish*, 618 N.E.2d 436, 440 (Ill. App. Ct. 1993) ("[A] final judgment can serve as the basis to apply the doctrines of res judicata and collateral estoppel even though the judgment is being appealed.").

Moreover, reinstatement of Bloch's state law claims complies with the Seventh Circuit's mandate in *Bloch II*. *See Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993) (noting that under the law of the case doctrine, "explicit rulings on issues that were before the higher court and explicit directives by that court to the lower court concerning proceedings on remand are not dicta" and therefore

## STATEMENT

must be followed by the lower court absent the higher court's commission of "a serious and demonstrable error"); *In re Continental Ill. Sec. Litig.*, 985 F.2d 867, 869 (7th Cir. 1993) ("One of the less controversial functions of mandamus is to assure that a lower court complies with the spirit as well as the letter of the mandate issued to that court by a higher court.") (citation omitted).

Here, the Seventh Circuit explicitly instructed the Court to reinstate Bloch's state law claims and there is no indication that this instruction is in serious and demonstrable error. The Court also notes that Bloch initially filed her state law claims in federal court and only pursued these claims in state court after they were dismissed by the district court, a decision that was affirmed by *Bloch I*. Bloch's state law claims are both related to her federal claims and form part of the same case or controversy. 28 U.S.C. § 1367 (a). Therefore, the Court exercises supplemental jurisdiction over Bloch's state law claims pursuant to § 1367(a) and the explicit instructions set forth in *Bloch II*.