# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 5 C 5379 | **DATE** | 5/12/2011 |
| **CASE TITLE** | Bloch vs. Frischholtz | | |

**DOCKET ENTRY TEXT**

Therefore, the Court denies Defendants's Motion to Vacate the Order of March 21, 2011.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendants Edward Frischholz and the Shoreline Towers Condominium Association (together "Defendants") move to vacate the Court's March 21, 2011 Order ("March Order") granting Lynne Bloch's ("Bloch") Renewed Motion to Vacate and Reinstate Claims. For the following reasons, the Court denies Defendants's Motion.

The Court, in its March Order, noted that it was not collaterally estopped from hearing Bloch's state law claims in Counts VII and VIII of her Second Amended Complaint because there was no final state court judgment once the state court vacated its previous order dismissing her compliant with prejudice. The Court's March Order also highlighted the Illinois Supreme Court's holding that "[f]or purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1375 (Ill. 1986). The Court further noted that not all Illinois appellate courts have followed *Ballweg*. *See Ill. Founders Ins. Co. v. Guidish*, 618 N.E.2d 436, 440 (Ill. App. Ct. 1993) ("[A] final judgment can serve as the basis to apply the doctrines of res judicata and collateral estoppel even though the judgment is being appealed.").

Defendants now argue that the state court may, on May 20, 2011, reconsider its order vacating its earlier dismissal with prejudice of Bloch's state law claims. Defendants's reliance on the upcoming May 20, 2011 hearing, however, is unavailing. While the Court noted that Illinois courts have not uniformly applied *Ballweg*, the Seventh Circuit has held that *Ballweg* controls over differing Illinois appellate court interpretations of collateral estoppel and that "we are bound by the state supreme court's opinion." *Minson v. Vill. of Hopedale*, 102 Fed. App'x 42, 44-45 (7th Cir. Jun. 17, 2004) (citing *MindGames, Inc. v. W. Publ'g Co., Inc.*, 218 F.3d 652, 655 (7th Cir. 2000).

## STATEMENT

Here, as an initial matter, the state court's order vacating its earlier dismissal with prejudice of Bloch's state law claims remains in place. Moreover, even if the state court reinstated its order dismissing Bloch's state law claims with prejudice, that order would not constitute a final judgment until the potential for appellate review is exhausted. *See Ballweg*, 499 N.E.2d at 1375. As such, regardless of the action the state court takes on May 20, 2011, there is no final judgment on the merits and the Court is not collaterally estopped from reinstating Blochs's state law claims.

Finally, as the Court noted in its March Order, reinstating Bloch's state law claims is in accordance with the Seventh Circuit's mandate. *See Bloch v. Frischholz*, 587 F.3d 771, 787 (7th Cir. 2009) (*en banc*) ("*Bloch II*") ("[b]ecause of the reversal of summary judgment on three of the four federal claims, the state law claims must also be reinstated.").

Therefore, the Court denies Defendants's Motion to Vacate the Order of March 21, 2011.