IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| LYNNE BLOCH, HELEN BLOCH, and NATHAN BLOCK, | )<br>)<br>) |
| Plaintiffs, | ) Case Nos. 05 C 5377<br>) 05 C 5379 |
| v. | )<br>) Judge Virginia M. Kendall |
| EDWARD FRISCHHOLZ and SHORELINE TOWERS CONDOMINIUM ASSOCIATION, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Edward Frischholz ("Frischholz") and Shoreline Towers Condominium Association ("Shoreline") (together "Defendants") move to dismiss the state law claims alleged in Counts 7 and 8 of plaintiffs Lynne Bloch ("Lynne"), Helen Bloch ("Helen"), and Nathan Bloch's ("Nathan") (together "Plaintiffs") Second Amended Complaint. Count 7 alleges a violation of the Illinois Condominium Property Act, 765 ILCS 605/18.4 ("ICPA"), and Count 8 alleges a breach of fiduciary duty pursuant to § 18.4 of the ICPA. Defendants argue that Plaintiffs's claims are barred by previous state court rulings and that Plaintiffs fail to sufficiently allege a claim for intentional infliction of emotional distress or an adequate claim for damages. For the following reasons, the Court denies Defendants's motion.

**STATEMENT OF FACTS**

The following facts are taken from Plaintiffs's Second Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.

1995).[1]

Plaintiffs are Jewish Americans who reside at Shoreline. (Second Amd. Compl. ¶¶ 4-6.) Since approximately June 9, 2004, Defendants have been aware that Jewish law requires Plaintiffs to display a Mezuzah on the doorpost on the exterior of their residence. (*Id*. ¶ 11.) Defendants removed Plaintiffs's Mezuzah three times before Lynne's husband, Dr. Bloch, passed away. (*Id*. ¶ 19.) Defendants verbally agreed not to remove the Mezuzah during Plaintiffs's Shiva, a seven-day mourning period, for Dr. Bloch's passing. (*Id*. ¶ 25.) On June 7, 2005, however, Defendants removed the Mezuzah while the Plaintiffs were attending Dr. Bloch's funeral, causing Plaintiffs great anguish and embarrassment. (*Id*. ¶¶ 22, 23.)

Plaintiffs filed suit in federal court and, while their claims were on appeal to the Seventh Circuit, Plaintiffs filed a parallel state court suit in the Circuit Court of Cook County. Plaintiffs's State Court Complaint alleged claims analogous to Counts 7 and 8 of Plaintiffs's Second Amended Complaint. The circuit court dismissed Plaintiffs's state court claims, reasoning that they did not allege violations of the ICPA but rather were insufficiently pled claims for intentional infliction of emotional distress. (Doc. 325, Ex. 12 at 2.) The circuit court's most recent order dismissing Plaintiffs's state law claims with prejudice has since been vacated. (Doc. 325, Ex. 14B.)

The Court reinstated Plaintiffs's state law claims, which Defendants now move to dismiss.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See*

---

[1] The Court assumes familiarity with the facts giving rise to this lawsuit and only lists those relevant to the motion currently before the Court.

*Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

## DISCUSSION

### I. Helen and Nathan

As an initial matter, Plaintiffs do not seek leave to reinstate the state law claims of Helen or Nathan. (Doc. 330 at 1.) Therefore, the Court need not consider Defendants's arguments relating to Helen or Nathan's standing. Accordingly, the Court confines its analysis to Lynne's state law claims.

### II. Law of the Case

Defendants first move to dismiss Lynne's state law claims under the law of the case doctrine. The law of the case doctrine "is a rule of practice which recited that when an issue is once litigated and decided, that should be the end of the matter." *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 454 (7th Cir. 2005) (citation omitted). Here, Defendants argue that the circuit court

3

dismissed Lynne's state law claims four separate times for failure to state a claim and, as such, she should be precluded from re-litigating them in this Court. After dismissing Lynne's Fifth State Complaint, however, the trial court vacated its order of dismissal. The order vacating the dismissal of the Fifth State Complaint is itself the subject of Defendants's motion to vacate, which has not yet been ruled on by the circuit court. Therefore, as matters in the circuit court presently stand, the most recent adjudication of the merits of Lynne's state law claims has been vacated and the potential for appellate review has not been exhausted. *See Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1375 (Ill. 1986) ("For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted.") (citation omitted).

Moreover, as Lynne notes, the law of the case doctrine is inapplicable where, as here, the case was not removed or transferred to federal court. *See Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317-18 (7th Cir. 1995) (noting that law of the case applies to prevent relitigation of an issue in a subsequent stage of the same lawsuit and distinguishing that from the relitigation of an issue in a subsequent suit). Lynne filed her state claims in a parallel proceeding in state court while her federal claims remained pending in federal court. Defendants concede that Lynne's claims were not removed to this Court, but nonetheless insist that Lynne's contention—that the law of the case doctrine does not apply—"improperly places form over substance." (Doc. 369 at 3.)

The Court need not resolve this dispute because even if the law of the case doctrine were to apply, courts may "revisit prior decisions of its own or of a coordinate court . . . where the initial decision was clearly erroneous and would work a manifest injustice." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1037 n. 8 (7th Cir. 1998) (noting that "courts should be loathe to do so in the absence of extraordinary circumstances). Here, Lynne alleges that the circuit court's dismissal of her state

4

law claims was clearly erroneous because though they were sufficiently pled, the circuit court misunderstood her claims and incorrectly applied the test for intentional infliction of emotional distress where no intentional infliction of emotional distress claim existed.

The circuit court found that Defendants owed Plaintiffs a duty under the ICPA that Plaintiffs alleged Defendants had breached. The circuit court, however, construed Plaintiffs's Counts as claims for intentional infliction of emotional distress and did not address the damages element in the context of the ICPA. This Court now finds that Lynne's claims are brought pursuant to the ICPA and their sufficiency—including the element of damages—should be judged by the ICPA standards and not by the standards required to plead intentional infliction of emotional distress. Therefore, even if the law of the case doctrine did apply, it would not prevent this Court from revisiting the circuit court's rulings because the merits of Lynne's claims pursuant to the ICPA—specifically with regards to the damages element—were not addressed by the circuit court. In addition, as discussed above, the circuit court's order dismissing Lynne's claims was not a final judgment and was itself vacated.

### III. Sufficiency of Claims

In order to state a claim for a breach of fiduciary duty, a plaintiff must allege that a duty exists, that the duty was breached, and that the breach proximately caused plaintiff's injury. *See Chi. City Bank & Trust Co. v. Lesman*, 542 N.E.2d 824, 826 (Ill. App. Ct. 1989). Members of a condominium association's board of managers have a fiduciary duty to the unit owners. *See Glickman v. Teglia*, 902 N.E.2d 1256, 1261 (Ill. App. Ct. 2009). A condominium board breaches its fiduciary duties under the ICPA when its policies are not applied uniformly to all residents. *See Salomon v. Astor Vill. Condo. Ass'n*, 2001 WL 664404 at *3 (Ill. App. Ct. June 4, 2001) (finding that

the plaintiff stated a claim for a breach of fiduciary duty pursuant to the ICPA by alleging that the board did not apply a policy uniformly among its residents and therefore the board could not claim that it used its sound business judgment to insulate itself from liability). Rules adopted by a condominium's board of managers must be objective, even-handed, nondiscriminatory and applied uniformly. *See Bd. of Dirs. of 175 E. Del. Place Homeowners Ass'n v. Hinojosa*, 679 N.E.2d 407, 410 (Ill. App. Ct. 1997) (citation omitted).

Here, Lynne alleges that Defendants violated the ICPA by enforcing rules and regulations that impaired her ability to freely exercise her religion and her right to free speech. (Second Amd. Compl. ¶ 68.) Lynne further alleges that Defendants breached their fiduciary duty by acting in a willful and wanton manner and engaging in bad faith and unfair dealing. (*Id*. ¶ 74.) As a result of Defendants's acts, Lynne suffered great anguish and embarrassment. (*Id*. ¶ 23.)

Lynne has therefore sufficiently pled allegations that Defendants violated the ICPA and breached their fiduciary duty. Defendants only challenge the element of damages, arguing that Lynne failed to plead an intentional infliction of emotional distress claim and that she failed to adequately plead damages for her breach of fiduciary duty claim.

### A.  **Intentional Infliction of Emotional Distress**

The Court finds any discussion regarding Lynne's ability to plead a claim for intentional infliction of emotional distress to be misplaced. Lynne's Second Amended Complaint clearly states that Counts 7 and 8 are brought pursuant to the ICPA, alleging a violation of the powers and duties of managers and a breach of fiduciary duty. Lynne does not bring an intentional infliction of emotional distress claim and, as such, no analysis of the sufficiency of that claim is necessary because it does not bear on the ICPA claims that Lynne has alleged.

**B. Damages**

The circuit court found that the damages Lynne sought—for emotional distress—effectively turned her ICPA Counts into allegations of intentional infliction of emotional distress. Lynne clarifies that breaches of fiduciary duty are governed by contract law and that recoverable damages for contract breaches are "those which naturally result from the breach, or are the consequence of special or unusual circumstances which are in the reasonable contemplation of the parties." S*ee Doe v. Roe*, 681 N.E.2d 640, 649-50 (Ill. App. Ct. 1997) ("Breach of fiduciary duty is controlled by the substantive laws of agency, contract, and equity."). "Recovery for mental distress is excluded unless the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Id*. at 650 (internal quotations and citation omitted). A plaintiff has pled sufficient facts to enable her to pursue damages for mental distress where the defendant had "reason to know that a breach of his fiduciary duty is likely to cause emotional distress, for reasons other than pecuniary loss." *Id*. at 650-51 (finding that plaintiff sufficiently pled that her attorney violated the fiduciary duty that he owed his clients).

Here, Lynne alleges that Defendants were aware of Lynne's religious obligation to place a Mezuzah on her doorpost; knew that her husband passed away; knew that their religious home-based mourning was taking place in Lynne's condominium unit; yet removed the Mezuzah during the mourning period despite a verbal commitment to allow it to remain. (Second Amd. Compl. ¶¶ 11-25.) As a result, Lynne suffered great anguish and embarrassment. (*Id*. ¶ 24.) The Court finds that Lynne has pled facts demonstrating that Defendants reasonably knew that a breach of their commitment to leave Lynne's Mezuzah on her doorpost while mourning the loss of her husband would cause emotional distress for reasons other than pecuniary loss. *See Noe*, 681 N.E.2d at 650.

7

Defendants have not provided the Court with any precedent requiring a plaintiff to plead emotional distress as alleged in a breach of fiduciary duty claim according to the standards for pleading emotional distress in an intentional infliction of emotional distress claim. As such, Lynne has adequately pled a breach of fiduciary duty claim that entitles her to seek emotional distress as a recoverable damage. *See, e.g., Dahlin v. Evangelical Child & Family Agency*, 252 F.Supp.2d 666, 670 (N.D. Ill. 2002) (finding that plaintiffs are entitled to seek damages for emotional distress in a breach of contract claim).

Lynne has adequately pled foreseeable damages. That her damages are based on emotional distress does not change the nature of her claims from those alleging violations of the ICPA to those alleging intentional infliction of emotional distress.

Because the circuit court did not rule on the merits of her ICPA or breach of fiduciary duty claims, and because Lynne pursued parallel state and federal proceedings, the law of the case doctrine does not apply and the Court is not bound by the circuit court's analysis of Lynne's claims under an intentional infliction of emotional distress standard. Lynne has adequately pled her state law claims under the ICPA as well has her entitlement to seek emotional distress as a recoverable damage. Therefore, the Court denies Defendants's Motion to Dismiss Counts 7 and 8 of Lynne's Second Amended Complaint.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 5, 2011